IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| MURPHY J. ROSERO | : | CASE NO.: 1:24-BK-01435 HWV |
| NADIA E. ROSERO | : | |
| | : | |
| ANDREW R. VARA, | : | |
| UNITED STATES TRUSTEE, | : | |
|       MOVANT | : | |
| | : | |
|   v. | : | |
| | : | |
| MURPHY J. ROSERO | : | |
| NADIA E. ROSERO | : | |
|       RESPONDENTS | : | |

## CONCURRED-IN MOTION OF THE UNITED STATES TRUSTEE TO DISMISS FOR CAUSE PURSUANT TO 11 U.S.C. § 707(a)

AND NOW, comes Andrew R. Vara, United Stated Trustee for Regions 3 and 9 (the "UST"), through his undersigned counsel, and moves for the entry of an order dismissing this case pursuant to 11 U.S.C. § 707(a) ("Motion"). In support hereof the following is averred:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334, 151 and 157.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The UST has standing to appear and be heard on this issue pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.

4. The UST files the within pleading pursuant to 28 U.S.C. § 586(a)(3) and 11 U.S.C. § 707(a).

### BACKGROUND

5. On June 7, 2024 (the "Petition Date"), Murphy J. Rosero and Nadia E. Rosero (the "Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The

Debtors' bankruptcy petition identifies their debts as primarily consumer debts. Document Number[1] 1 at 6. The Debtors are represented by John Hyams ("Debtors' Counsel").

6. On Schedule D, the Debtors list two secured claims, both auto loans, in the amount of $36,028.00. On Schedule E/F, the Debtors list nonpriority general unsecured claims totaling $139,873.11. *Id.* at 18-50.

7. On Schedule I, the Debtors report that Murphy is employed as a bank branch manager with Santander and Nadia is employed as a personal shopper with Walmart. *Id.* at 53. The Debtors list $8,773.90 in **combined** gross monthly income, and $7,862.76 in combined net monthly income after payroll deductions. *Id.* at 53-54.

8. On Schedule J, the Debtors report that three dependents. *Id.* at 55. The Debtors list $7,826.76 in combined monthly income, $7,759.00 in monthly expenses, and net monthly income of $103.76. *Id.* at 55-56.

9. Leon Haller was appointed as the Chapter 7 Trustee and a 341 Meeting of Creditors was scheduled for July 15, 2024. Doc. No. 8. The 341 Meeting of Creditors has not been completed as of today and has been rescheduled to August 26, 2024. Doc. No. 12.

*The United States Trustee's Inquiry*

10. On June 18, 2024, the UST sent an inquiry to Debtors' Counsel requesting information related to the Debtors' financial condition, including but not limited to: (i) copies of the Debtors' two most recent tax return, and (ii) copies of the Mr. Rosero's pay stubs for the six-month period prior to filing. The UST sought a response by no later than July 8, 2024.

11. The UST sought the above information as a part of its review of the instant case for abuse as defined in 11 U.S.C. § 707(b), discharge issues in accordance with 11 U.S.C. § 727, and/or cause for dismissal pursuant to 11 U.S.C. § 707(a).

---

[1] Hereinafter "Doc. No."

12. On June 25, 2024, Debtors' Counsel provided the UST with documents responsive to the June 18, 2024 inquiry letter.

13. On June 26, 2024, the UST advised Debtors' Counsel that it appeared Mr. Rosero had received a bonus in the amount of $10,632.00 that had not been accounted for on Official Form 122A-1 and that amendments were necessary. Furthermore, the UST advised that Schedule I appeared to have been miscalculated based on the pay stubs provided. Finally, the UST requested additional documentation to support the monthly insurance expense claimed by the Debtors in the amount of $1,249.00.

14. On August 1, 2024, Debtors' Counsel advised the UST that it had reviewed all the information and was prepared to amend the schedules, but that the Debtors no longer wished to proceed with the case.

15. On August 2, 2024, Debtors' Counsel advised that the Debtors would not convert their case to one under Chapter 13 and would not complete the debtor education class.

16. The refusal to amend their schedules and provide additional documentation to the UST fundamentally impacts the UST's ability to assess the Debtors' Chapter 7 case.

## RELIEF REQUESTED

### Dismissal Under Section 707(a) – Lack of Good Faith

17. The UST advances that, the facts in this case warranted dismissing the instant case for lack of good faith pursuant to Section 707(a) and the Third Circuit's case of *In re: Tamecki*, 229 F.3d 205 (3d. Cir. 2005).

18. More specifically, the *Tamecki* court held that a debtor's lack of good faith could be shown, by *inter alia*, a debtor's lack of honest intentions. *In re: Tamecki*, 229 F.3d at 207.

19. Debtors have failed and/or refused to respond to an inquiry of the UST issued pursuant to its oversight duties as provided in 28 U.S.C. § 586. The failure to provide complete responses to the UST calls into questions Debtors' good faith in pursuing the Chapter 7 case.

20. Once a petitioner's good faith is called into question, the burden shifts to the petitioner to prove his or her good faith. *Id.* The UST posits that the Debtors will not be able to meet this burden.

### Reservation of Right to Supplement

21. The UST reserves the right to supplement this Motion prior to or at the time set for the hearing thereon.

### Concurrence

22. Debtors' Counsel was consulted on the filing of the instant Motion and has concurred in the relief sought on behalf of the Debtors.

### Conclusion

23. For the above-stated reasons, the UST posits that this case should be dismissed for cause.

WHEREFORE, for the reasons set forth above, the UST respectfully submits that this case be dismissed for cause under 11 U.S.C. § 707(a) and requests that the Court enter an Order dismiss this case or grant such other relief as this Court deems equitable and just.

Dated: August 7, 2024                  Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

**D. TROY SELLARS**
**ASST. UNITED STATES TRUSTEE**

By: /s/ *Joseph P. Schalk*
Joseph P. Schalk, Trial Attorney
PA Bar ID 91656
Office of the United States Trustee
1501 N. 6th Street, Box 302
Harrisburg, PA 17102
(717) 221-4533 Telephone
(717) 221-4554 Facsimile
joseph.schalk@usdoj.gov